# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV712 RWS |
| | ) | |
| CHASE HOME FINANCE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's submission of a complaint. In the complaint, plaintiff seeks to attack a state court judgment of foreclosure. This Court, however, lacks jurisdiction to review state court judgments. As a result, the Court will dismiss the complaint under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Plaintiff brings this action under several federal and state laws. Named as defendants are Chase Home Finance, LLC ("Chase"); South and Associates, PC; Land America and Commonwealth; the United States Department of Housing and Urban Development; and the City of St. Louis Sheriff Department.

Plaintiff alleges that she purchased real property within the City of St. Louis in February 2000. Plaintiff says that she originally financed the purchase of the property through Prism Mortgage Company. Plaintiff claims that she was notified

that the loan was subsequently assigned to defendant Chase. Plaintiff alleges that the assignment was not immediately recorded with the St. Louis Recorder of Deeds; the assignment was recorded three months later. Although not completely clear, plaintiff appears to maintain that she never made any payments to Chase. Chase instituted foreclosure proceedings on February 21, 2008. Chase Home Finance LLC v. Hill, 0822-AC03192 (22nd Judicial Circuit, City of St. Louis). The state court entered default judgment against plaintiff on March 18, 2008. Id.

The complaint brings claims against defendants for wrongful foreclosure, breach of contract, negligence, intentional infliction of emotional distress, fraudulent misrepresentation, and slander of title. Plaintiff seeks money damages and a judgment declaring that she is the owner of the property free and clear of any lien in favor of defendants.

The Court lacks subject matter jurisdiction over the complaint because actions challenging state court foreclosure proceedings are barred by the Rooker-Feldman doctrine. Postma v. First Federal Savings & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996); Wright v. Tackett, 39 F.3d 155 (7th Cir. 1994) (action alleging conspiracy to violate civil rights in connection with foreclosure barred by Rooker-Feldman doctrine). As a result, the Court will dismiss this action under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of June, 2008.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE